**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-03713-STV

CAROLINE SHANKS,

    Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES COLORADO, *D/B/A Centura Health-St. Anthony Summit Medical Center*,
SUMMIT ORTHOPEDICS, PLLC, *d/b/a Summit Orthopedic at Panorama Orthopedics & Spine Center*,
RICHARD JOSEPH BOWLES,
MARK NORDEN,
FREDERICK JAMES SEIDEL,
REBECCA LYNN STURGES,

    Defendants.
_____

**ORDER TO SHOW CAUSE**
_____

Magistrate Judge Scott T. Varholak

This civil action is before the Court upon review of Plaintiff's Response [#10] to this Court's Order to Show Cause ("the Order") [#6]. In the Order, this Court determined that Plaintiff had not sufficiently alleged the citizenship of Defendant Summit Orthopedics, PLLC, because Plaintiff had not identified its members or the citizenship of those members. [#6] *See Hawk v. Bank of America, N.A.*, No. 14-CV-03517-ELR, 2015 WL 11347683, at *2 (N.D. Ga. Apr. 15, 2015) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004)) ("A PLLC (professional limited liability company), like an LLC (limited liability company), holds the citizenship of its members."). The Court ordered Plaintiff to "show cause, if any there be, in writing, why

this case should not be dismissed due to the Court's lack of subject matter jurisdiction" on or before January 18, 2021. [#6 at 2] Plaintiff filed a Response to the Order [#10] and an Amended Complaint [#8] on January 11, 2021. In the Response, Plaintiff asserts that:

> Because public filings do not designate the individual members of the PLLC, Plaintiff cannot, without discovery, conclusively identify the members of the PLLC or their citizenships. However, the Articles of Incorporation mandate that members be "actively licensed by the Board of Medical Examiners to practice medicine in the State of Colorado" and "actively engaged in the practice of medicine in the offices of the company." See Exhibit A, Summit Orthopedics, PLLC Articles of Incorporation. Accordingly, pending further discovery, it is reasonable to conclude that the members of Summit Orthopedics, PLLC are all residents of Colorado and are diverse from Plaintiff's Arkansas citizenship.

[#10 at 1] This response is insufficient to satisfy the Court of its jurisdiction over this matter.

Because Plaintiff contends that this "Court has jurisdiction of this matter as this is a diversity action filed under the provisions of 28 U.S.C. § 1332," [#1, ¶ 1] Plaintiff bears the burden of establishing the jurisdictional requirements of diversity jurisdiction. *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). Specifically, pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." Diversity jurisdiction requires complete diversity—*i.e.*, "no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). Moreover, "[t]he citizenship of the parties must be established with specificity." *U.S. Advisor, LLC v. Berkshire Property Advisors*, LLC, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at *1 (D. Colo. July 10, 2009). "Both the requisite amount in controversy and the existence of diversity

must be affirmatively established on the face of either the petition or the removal notice." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

Here, Plaintiff has again failed to identify any of the members of Defendant Summit Orthopedics, PLLC, and has failed to identify the citizenship of those members. Because federal courts are courts of limited jurisdiction, the Court must "presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir.1999). The Court may not simply assume that the members of Summit Orthopedics are citizens of Colorado because they practice medicine within the state. [#10 at 1] Moreover, "the fact that it may be difficult to determine the citizenship of the parties does not absolve [Plaintiff] of their responsibility to allege a sufficient basis for jurisdiction as a threshold matter." *Apodaca v. Sizzling Caesars, LLC*, No. 19-cv-03621-PAB, 2020 WL 773069, at *3 (D. Colo. Feb. 18, 2020). *See also Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004) ("The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."); *United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (internal quotation marks omitted)).

Therefore because the allegations in the Response [#10] and Amended Complaint [#8] are insufficient to establish the citizenship of Defendant Summit Orthopedics, the Court is unable to determine whether it has subject matter jurisdiction. Accordingly, it is **ORDERED** that, on or before **February 22, 2021**, Plaintiff shall show cause, if any there

be, in writing, why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED:  January 29, 2021                    BY THE COURT:

                                                            s/Scott T. Varholak
                                                            United States Magistrate Judge